**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4099**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SERGIO SHAW SUMMERVILLE,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:22-cr-00096-BO-2)

_____

Submitted:  August 16, 2024              Decided:  August 28, 2024

_____

Before WYNN, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & ASHTON, PLLC, New Bern, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Julie A. Childress, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Shaw Summerville pled guilty to four counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Summerville to 48 months' imprisonment, and he now appeals. On appeal, Summerville challenges his sentence as procedurally and substantively unreasonable. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 52 (2007). In doing so, we first consider whether the sentencing court committed "significant procedural error," including improperly calculating the Sentencing Guidelines range, failing to sufficiently consider the 18 U.S.C. § 3553(a) factors, and failing to adequately explain the sentence imposed. *Id.* at 51; *see United States v. Nance,* 957 F.3d 204, 212 (4th Cir. 2020).

If we find the sentence procedurally reasonable, we then consider its substantive reasonableness under the totality of the circumstances. *Nance,* 957 F.3d at 212. The sentence imposed must be "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable, and the defendant bears the burden to "rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes–Pineda,* 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Upon review, we find Summerville's within-Guidelines sentence to be both procedurally and substantively reasonable. The district court expressly considered the

2

§ 3553(a) factors and adequately explained its rejection of Summerville's request for a downward variance and its reasons for imposing the 48-month sentence. Moreover, Summerville has not rebutted the presumption of reasonableness applied to his sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*